**Souleymane MARONE, also known as Solomon Marone, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 403, Docket 93–2350.**

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1993.

Decided Nov. 22, 1993.

Alexander E. Eisenmann, New York City, for petitioner-appellant.

Benjamin E. Rosenberg, Asst. U.S. Atty., S.D.N.Y., for respondent-appellee.

Before: CARDAMONE, Circuit Judge, PIERCE and LAY *, Senior Circuit Judges.

* Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

PER CURIAM:

## I.

Marone was convicted of bribing a public official in violation of 18 U.S.C. § 201(b)(1)(B).[1] After he was released from prison, petitioner filed a § 2255 petition alleging that he had been denied effective assistance of counsel because trial counsel had failed to file a notice of appeal on his behalf[2] and also that he did not knowingly and intelligently waive his right to a jury trial.

The trial court granted petitioner a hearing as to whether petitioner had requested his counsel to file a notice of appeal. Petitioner's trial counsel testified that he discussed with petitioner the possibility of appeal during the months between conviction and sentence. Trial counsel informed petitioner that a fee would have to be paid "up front" if he wanted counsel to file an appeal. According to counsel, petitioner never indicated that he could not afford the fee and never told counsel whether or not he wanted an appeal filed.

Petitioner testified that he understood that there was a ten-day deadline following the date of his sentencing in connection with his appeal; that he had been unsuccessful in his attempts to contact counsel during that time; that he realized that after the expiration of the ten-day period he was barred from appealing his conviction; and that it had been difficult for him to pay the fee for the trial itself. Petitioner's sister and brother testified that petitioner had instructed them to inform trial counsel to file an appeal and that counsel stated that the fee must be paid first. None of them testified that petitioner lacked the resources to pay counsel.

The district court found that petitioner had never instructed trial counsel to file a notice of appeal or to pursue an appeal, and thus petitioner had made a knowing and voluntary waiver of his right to appeal.[3] There exists no credible evidence showing that trial counsel failed to render effective assistance. A district court's factual findings underlying the determination of whether a waiver is knowing and voluntary must be accepted unless they are clearly erroneous. *See United States v. Scarpa,* 897 F.2d 63, 68 (2d Cir.), *cert. denied,* 498 U.S. 816, 111 S.Ct. 57, 112 L.Ed.2d 32 (1990). On review of the entire record, we hold the district court's findings are not clearly erroneous.

## II.

■ Petitioner contends that the district court erred in denying him an evidentiary hearing as to his allegedly involuntary waiver of his right to trial by jury. He claims that although he signed a standard jury waiver form which meets the requirements of Fed-

---

1. In a bench trial the petitioner was convicted of bribing an undercover agent to obtain fraudulent social security cards. On August 26, 1991, he was sentenced to a term of six months' imprisonment, followed by six months of community confinement, and a mandatory $50 special assessment. Marone has completed his sentence of imprisonment and community confinement and is currently serving a term of supervised release.

2. Petitioner also claims that he was unaware that simply a notice of appeal, rather than the appeal itself, needed to be filed within ten days.
The district court advised petitioner of his right to appeal in the following manner:
THE COURT: You are advised of your right to appeal your sentence and the verdict of the Court, Mr. Marone.
You seem to be listening to your counsel.
(Pause)
Mr. Marone, you are advised of your right to have both the Judge's decision on your guilt and also your sentence, and that appeal must be filed within—

MR. ROSENBERG [Assistant United States Attorney]: Within ten days, your Honor.
THE COURT: Within ten days.
MR. ROSENBERG: And if Mr. Marone is unable to, he's entitled to file informa.
THE COURT: I think he has funds. All right.
(Proceedings adjourned)

3. To the extent that there were discrepancies between the testimony of petitioner and his trial counsel, the district court found that counsel was more reliable: "[T]hroughout this prosecution, petitioner has attempted to rationalize his past behavior by constructing fact scenarios which are at variance with the evidence presented by other witnesses and by tape recordings.... At this juncture the Court cannot credit petitioner's testimony." The district court also noted that in a letter dated September 30, 1991 (one month after Marone was sentenced), Marone had asked the district court to reconsider his sentence but did not question his trial counsel's failure to appeal the judgment of conviction.

eral Rule of Criminal Procedure 23(a),[4] neither trial counsel nor the trial judge explained to him that the jury would be composed of twelve members of the community, that he could participate in the selection process, or that the jury's verdict would have to be unanimous to result in a conviction.

A § 2255 petition may not be used as a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Petitioner's challenge to his waiver of his right to a jury trial could have been raised on direct appeal. In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error. *Campino v. United States,* 968 F.2d 187, 190 (2d Cir. 1992). The Supreme Court has stated that " 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (emphasis in original). Furthermore, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Id.* at 2566–67 (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

The district court found that petitioner voluntarily and knowingly waived the right to appeal his conviction by failing to instruct his attorney to file a notice of appeal. Petitioner's failure to raise the jury waiver issue on direct appeal is thus attributable to his own conduct and not to anything external to him. Although petitioner claims that he only subsequently became aware of the attributes of a jury trial, this is not "external" to him; the requirement that "cause" be external to the petitioner does not encompass a petitioner's

alleged belated understanding of his rights. Petitioner had counsel when the waiver to a jury trial was executed. Petitioner's trial counsel signed the jury waiver form. Petitioner also had the same counsel during the ten-day period in which he knowingly waived his right to appeal; even if his attorney failed to file an appeal due to ignorance or inadvertence, this is insufficient to constitute cause. Thus, because petitioner cannot demonstrate cause, he is procedurally barred from raising the issue of whether he knowingly and voluntarily waived his right to a jury trial.

### III.

Although petitioner in this instance is barred from raising the issue of whether he waived a jury trial, this court is mindful of the safeguards provided by a jury trial and the importance of ensuring that a waiver is knowing, voluntary and intelligent. The protection provided by a jury "lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen." *Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893, 1904, 26 L.Ed.2d 446 (1970). The right to a jury trial must be jealously preserved, and before this right can be waived, the trial court must satisfy itself that the defendant has intelligently consented. *See Patton v. United States,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930).

A court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial. *See United States v. Martin,* 704 F.2d 267, 274 (6th Cir.1983); *United States v. Scott,* 583 F.2d 362, 363–64 (7th Cir.1978) (per curiam). In order to obviate any future misunderstandings, however, we suggest the district courts individually inform each defendant, on the record, of the fundamental attributes of a jury trial before accepting a waiver. *See Martin,* 704

---

4. The waiver form, which was signed by petitioner, his counsel, and the prosecutor, and was approved by the district court, states:

The defendant, Souleymane Marone having been advised by counsel, Charles Brown, counsel for the defendant, and having been advised by the Court of the defendant's constitutional

right to a trial by Jury, and upon the consent of the United States of America, by Benjamin E. Rosenberg, Assistant United States Attorney, said defendant hereby voluntarily waives trial by jury and consents to trial by the Court, in accordance with Rule 23 of the Federal Rules of Criminal Procedure.

**68**

F.2d at 274. This court urges that at a minimum the district courts inform each defendant that a jury is composed of twelve members of the community, that the defendant may participate in the selection of the jurors, that the jury's verdict must be unanimous, and that a judge alone will decide guilt or innocence if the defendant waives the right to a jury trial. *See id.* at 274–75; *United States v. Delgado,* 635 F.2d 889, 890 (7th Cir.1981).

JUDGMENT AFFIRMED.