89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Nelson T. MALDONADO
v.
UNITED STATES of America.
 No. 95-2142.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 1
 Appeal from the United States District Court for the Southern District of New York. (Leonard B. Sand, Judge).
 
 
 2
 APPEARING FOR APPELLANT: Ronald Schwartz, Cincinnati, Ohio.
 
 
 3
 APPEARING FOR APPELLEE: Jeffrey H. Zimmerman, Assistant United States Attorney for the Southern District of New York, New York, New York.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 8
 1. Petitioner-appellant Nelson T. Maldonado appeals from an order entered January 23, 1995 in the United States District Court for the Southern District of New York that denied his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255. Maldonado had previously been convicted, after a jury trial, of one count of conspiring to distribute and possess with intent to distribute at least one kilogram of heroin and five kilograms of cocaine in violation of 21 U.S.C. § 846, and is currently serving his sentence.
 
 
 9
 2. Maldonado's habeas petition alleges a number of sentencing errors that were not raised on direct appeal. It is well settled that a defendant may not use a § 2255 motion "as a substitute for direct appeal," Marone v. United States, 10 F.3d 65, 67 (2d Cir.1993) (per curiam), and that a failure to raise a claim on direct appeal will bar consideration of that claim in a § 2255 motion unless the petitioner can establish cause for his procedural default and actual prejudice resulting therefrom. Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993); Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992).
 
 
 10
 3. Maldonado's alleged cause for his failure to raise his sentencing claims on direct appeal is that "[appellate] counsel was ineffective for failing to raise them." However, appellate counsel "does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 115 S.Ct. 81 (1994). Rather, to prove ineffective assistance, a petitioner must show that appellate counsel neglected "significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id. Comparing Maldonado's current claims to the ones raised by counsel on direct appeal, we conclude that Maldonado has failed to prove that appellate counsel's failure to raise the current claims on direct appeal fell "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). Therefore, Maldonado cannot show cause for failing to raise his sentencing claims on direct appeal, and is barred from bringing them for the first time in a § 2255 petition.
 
 
 11
 4. Maldonado also alleges that he was denied effective assistance of counsel at trial because defense counsel failed to interview two coconspirators and failed to communicate with Maldonado through a Spanish-language interpreter. Because Maldonado's ineffective assistance claims are not based solely on the record developed at trial, he is not procedurally barred from raising them for the first time in a § 2255 petition. See Billy-Eko v. United States, 8 F.3d 111, 115 (2d Cir.1993). However, we conclude that Maldonado's ineffective assistance claims are without merit. In light of the government's strong, persuasive, and corroborated proof at trial, Maldonado has not shown that there is a reasonable probability that but for the alleged errors of defense counsel, the result of Maldonado's trial would have been different. See Strickland, 466 U.S. at 694.