**UNITED STATES of America,**

v.

**Vincent "Jimmy" SICURELLA, Defendant.**

**No. 91–CR–291C.**

United States District Court, W.D. New York.

March 17, 1998.

Denise E. O'Donnell, United States Attorney (Anthony M. Bruce, Assistant United States Attorney, of Counsel), Buffalo, NY, for United States of America.

Thomas J. Eoannou, Buffalo, NY, for Defendant.

## DECISION and ORDER

CURTIN, District Judge.

On Thursday, March 5, 1998, this court issued a temporary stay on petitioner's release from federal prison upon the *ex parte* oral application of the government and upon a showing that the government would be filing a motion for reconsideration within twenty-four hours (Item 117). The stay was to remain in effect until March 13, 1998. On Friday, March 6, the government filed its motion for reconsideration (Item 118). Petitioner answered by faxing an affidavit to the court (Item 119). That afternoon, the parties appeared for argument on the motion. After the argument, the government faxed a list of cases to the court that allegedly defined "a fundamental defect which inherently results in a complete miscarriage of justice", and submitted a letter further explaining the import of certain cases (Item 120). Petitioner submitted a memorandum of law (Item 121). Because the court was unable to rule on the government's motion by March 13, the court asked Judge William M. Skretny to extend the stay until Wednesday, March 18, 1998 (Item 122).

The government contends that this court's November 19, 1993, sentence of petitioner was a lawful sentence; consequently, the court does not have the jurisdiction to consider and to grant petitioner's 28 U.S.C. § 2255 motion (Item 118, p. 2). The government submits that the Supreme Court's decision in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), supports this argument. Under section 2255, a court may only modify the sentence if it concludes that it was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. In *Addonizio*, the Supreme Court explained that in order for an error of fact or law to be "otherwise subject to collateral attack", the error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185, 99 S.Ct. 2235 (citation omitted). The Court noted that in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), it had ordered resentencing of a defendant whose sentence had been imposed at least in part upon "misinformation of constitutional magnitude." *Addonizio*, 442 U.S. at 187, 99 S.Ct. 2235. The Supreme Court cautioned that "there is no basis for enlarging the grounds for collateral attack to include claims based not on any

objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *Addonizio*, 442 U.S. at 187, 99 S.Ct. 2235.

The government argues that petitioner has failed to establish that the court committed an error of fact or law of a fundamental character that rendered the entire sentencing proceeding irregular and invalid, or inherently resulted in a complete miscarriage of justice (Item 118, pp. 7–8). The government contends that petitioner's claims that the court may subjectively have wanted to impose a shorter sentence, may have been lawfully empowered to impose a shorter sentence, or may have imposed the sentence based on a misunderstanding, even if meritorious, do not rise to the level of fundamental defects which inherently result in a miscarriage of justice (*Id.*, p. 8). The government asserts that the Second Circuit is in lockstep with *Addonizio* and that authority from this circuit support the government's argument that petitioner's claims do not rise to the level of fundamental defects which inherently result in a miscarriage of justice (*Id.*, pp. 6, 8–9).

Petitioner argues that *Addonizio* and the cases from this circuit which the government has cited support the relief granted by this court in its February 21 order (Items 119 and 121). Petitioner contends that when the government, defense counsel, and the probation officer are all in error and incorrectly advise the court with regard to its scope and discretion in sentencing, such an error constitutes "misinformation of constitutional magnitude", and therefore the court has jurisdiction to correct the error and modify the sentence (Item 119, ¶ 8). Petitioner asserts that unlike the circumstances in *Addonizio*, the instant case involves an "objectively ascertainable error" which inherently results in a complete miscarriage of justice.

The government has not expressly argued that petitioner is procedurally barred from challenging his sentence under section 2255 for his failure to challenge his sentence on direct review. Because *Addonizio* and many of the cases from this circuit that have applied *Addonizio* emphasized the importance of final judgments and the narrow limits of collateral review, this court must first consider whether petitioner is procedurally barred from challenging his sentence at all at this time. Petitioner appealed various aspects of his trial and conviction, but he did not challenge the computation of his sentence in his appeal. Petitioner has not offered any explanation for why he failed to challenge his sentence on direct review. "A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.'" *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995) (quoting *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993)). "The Supreme Court has stated that '"cause" ... must be something *external* to the petitioner, something that cannot be fairly attributed to him.'" *Marone v. United States*, 10 F.3d 65, 67 (2d Cir.1993) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)) (emphasis in *Coleman*).

Petitioner submits that in *Billy–Eko v. United States*, 8 F.3d 111, 113–16 (2d Cir. 1993), the Second Circuit held that no showing of cause and prejudice is required where trial counsel is also appellate counsel and the claim is in the nature of ineffective assistance of counsel because no attorney is expected to perceive his own lack of competence (Item 119, ¶ 12). Thus, petitioner suggests that because his claim is based on his trial/appellate counsel's misunderstanding of sentencing under 18 U.S.C. § 844(h), petitioner is excused from the cause and prejudice test. The government has not responded to this argument.

In *Pipitone*, the district court granted a section 2255 petition and reduced the petitioner's sentence by three months because the court had misapprehended its legal authority at the time of the sentencing. As in the present case, the court had relied on the advice of both the government and defense counsel, and consequently, the court was unable to effectuate its preferred sentencing disposition. The Second Circuit noted that the Supreme Court has held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent

when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error'." *Pipitone*, 67 F.3d at 38 (quoting *Coleman*, 501 U.S. at 753, 111 S.Ct. 2546). Nevertheless, the court explained that it "might be inclined to temper the rigor of this rule in an unusual case ... where *both* government and defense counsel were imperfectly aware of the applicable law at the time of initial sentencing, thereby frustrating the sentencing court from effectuating its preferred sentencing disposition." *Pipitone*, 67 F.3d at 38–39. The court declined to "temper the rigor of this rule" in that case because as part of his plea agreement the petitioner had expressly waived his right to appeal his sentence, and the court believed that the integrity of the plea bargaining process and the finality of sentences thus imposed outweighed the misinformation problem. In the present case, petitioner did not plead guilty, nor did he expressly waive his right to appeal his sentence.

■ This court has already held that the government, defense counsel, and the probation officer misinterpreted the sentencing provision of 18 U.S.C. § 844(h) when they advised the court that the minimum aggregate sentence the court could impose was eighty-one months (Item 114). This misinformation frustrated this court from effectuating its preferred sentence disposition. This court finds that these are the precise circumstances the Second Circuit contemplated in *Pipitone* when it stated that it would temper the rigor of the cause and prejudice rule. Thus, this court finds that petitioner is not procedurally barred from bringing this claim in a section 2255 petition.

■ The court must now evaluate whether the circumstances underlying the November 19, 1993, sentencing proceeding involved "misinformation of constitutional magnitude" such that the sentence is fundamentally defective, resulting in a complete miscarriage of justice. The mere fact that the eighty-one-month sentence was a lawful sentence does not prevent the court from modifying the sentence based on the court's new understanding of the scope of its discretion under 18 U.S.C. § 844(h). If the sentence was based on an error of law that was fundamentally defective such that the resulting sentence, albeit lawful, could be viewed as a complete miscarriage of justice, then this court has the authority to now correct that error.

Despite the government's argument that the similarities between this case and *Addonizio* are striking, there are some essential differences. In *Addonizio*, the district court judge had selected a sentence under the incorrect assumption that the Parole Commission would favorably exercise its discretion to release the prisoner after he served one-third of a ten-year sentence. Thus, the sentencing judge hoped that his predictions about future events outside of his control would be accurate and would thereby allow the defendant to be released early. The Parole Commission changed its policies, and the defendant had to serve more time than the district court had intended. The Supreme Court upheld the sentence, explaining that subsequent actions within the discretion of the Parole Commission do not affect the validity of the judgment itself and that the subjective intent of the sentencing judge *by itself* is an insufficient basis for testing the validity of a judgment. In the pending case, the court was advised that it had no choice but to run the section 844(h) sentence and the perjury sentence consecutively. The court expressed its dissatisfaction with this result, but accepted the attorneys' position that the court had no discretion. Unlike the sentencing court in *Addonizio*, this court merely considered what the statute required it to do. It did not consider any future unascertainable circumstances. At the sentencing, because the government, defense counsel, and the probation officer all agreed on the interpretation of the mandatory consecutive sentencing language of section 844(h), the court did not engage in a detailed analysis of the sentencing provision. It was not until petitioner filed his 2255 motion that the court had reason to question the offered interpretation.

Neither the facts nor the law has changed since the time of sentencing. To date, neither the Second Circuit nor any other court has interpreted the mandatory consecutive sentencing provision of section 844(h) and the

absence of any mention of the "use of fire" in that provision. This court interpreted the provision using all available tools, and determined that the mandatory consecutive sentencing rule did not apply to cases in which a defendant had used fire rather than an explosive. Thus, the court incorrectly ran petitioner's sentences consecutively. As such, this court made an "objectively ascertainable error" which resulted in a compete miscarriage of justice.[1] Although statutory construction in the absence of any precedent involves a subjective component, the mere fact that statutory construction is in part subjective does not render this sentence and the court's error subjective. The *Addonizio* Court wanted to prevent sentencing courts from circumventing strict sentencing rules with which they disagreed by basing sentences on their predictions that parole be automatic unless the prisoner misbehaved in custody. This court never attempted to predict how long petitioner would remain in prison under the sentence imposed. The court was only concerned with the scope of its sentencing authority under the relevant statutes.

The Second Circuit's decision in *King v. Hoke,* 825 F.2d 720 (2d Cir.1987), is instructive. In that case, the sentencing judge had incorrectly interpreted the minimum statutory parole eligibility date and consequently sentenced the defendant to the maximum allowable term of imprisonment. The District Court that considered the defendant's 2255 petition denied the motion. The Second Circuit reversed, stating that "the sentencing judge made an 'objectively ascertainable error' ... about [defendant's] minimum statutory parole eligibility date, a matter of law rather than a prediction concerning an agency's discretion." *Id.,* at 725. The present case similarly turns on a question of statutory interpretation, a matter of law.

A careful review of the other cases provided by both the government and petitioner which have applied the "fundamental defect" and the "objectively ascertainable error" analysis to alleged errors of fact and law in section 2255 petitions reveals that each

case turns on the specific circumstances therein. None of those cases presents circumstances sufficiently close to those in the instant case to compel a finding that petitioner's twenty-one-month surplus sentence was not a fundamental error which inherently results in a complete miscarriage of justice. Under the circumstances, twenty-one additional months of imprisonment should be considered as a fundamental error which inherently results in a complete miscarriage of justice.

For the foregoing reasons, this court denies the government's motion to reconsider this court's February 21, 1998, decision and order and its March 5, 1998, amended order.

Because the undersigned is out of the district and unable to sign the original of this decision today, the Clerk of the Court is directed to file this faxed copy of the decision as the original. When the original signature page is received by the court, the Clerk shall affix the signature page to this decision and order.

So ordered.

---

1. Unfortunately, neither the *Addonizio* Court nor the courts that have applied *Addonizio* have defined the phrase "objectively ascertainable error."