Jose **GORDILS**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 97 CIV. 6855(DNE).**

United States District Court,
S.D. New York.

Sept. 30, 1999.

Jose Gordils, Fort Dix, NJ, pro se.

## OPINION & ORDER

EDELSTEIN, District Judge.

Petitioner Jose Gordils ("Petitioner" or "Gordils"), *pro se*, brought this present motion to vacate his conviction and· sentence pursuant to 28 U.S.C. § 2255 (" § 2255" or "habeas petition") on July 24, 1997. Having reviewed Petitioner's claims and found them to be without merit, this Court denies Petitioner's habeas petition. This Court further declines to issue Petitioner a certificate of appealability.

### Background

The history of this case is found in *United States v. Gordils*, 982 F.2d 64, 66–69 (2d Cir.1992), *cert. denied*, 507 U.S. 1054, 113 S.Ct. 1953, 123 L.Ed.2d 657 (1993), and thus familiarity will be assumed. Only those facts needed to resolve the present motion are set forth.

On December 8, 1989, a jury convicted Petitioner of (1) conspiracy to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 846; (2) possessing with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2; (3) possessing with intent to distribute approximately 78 grams of heroin, in violation of 841(b)(1)(C) and 18 U.S.C. § 2; and (4) using and carrying firearms during and in relation to drug-trafficking crimes, in violation of 18 U.S.C. §§ 924(c) and 2.

On April 24, 1990, this Court sentenced Petitioner to three concurrent 151–month terms for his narcotics crimes. With regard to his firearm conviction, this Court imposed on Petitioner a mandatory sentence of five years to be served consecutively with each of his concurrent terms. This Court also ordered that a five year period of supervised release follow each of Petitioner's terms of incarceration. Additionally, this Court required Petitioner to pay a mandatory special assessment of $200.

On January 30, 1991, this Court denied Gordils' motion for retrial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Petitioner, thereafter, appealed his conviction and this Court's denial of his motion for a new trial. On December 22, 1992, the Second Circuit affirmed this Court's rulings in all respects in *Gordils*, 982 F.2d 64.

On May 16, 1996, Gordils filed his first habeas petition to vacate, set aside, or correct his sentence. *Inter alia*, Gordils alleged that this Court erroneously computed his sentence and that this Court should have vacated his conviction for using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), pursuant to the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

In an order dated July 16, 1996, this Court addressed Gordils' habeas petition. *See Gordils v. United States*, No. 96 Civ. 3664 (S.D.N.Y. July, 16 1996). This Court denied Gordils' sentencing objections; however, applying the precedent the Supreme Court established in *Bailey*, this Court vacated Gordils' sentence under § 924(c) because he did not actively use a firearm in furtherance of his drug trafficking crime. *See id.* at 6 This Court then ordered Gordils to appear for resentencing. *See id.*

In deciding to reject Gordils' sentencing claim, this Court stated that "it is well settled that '[a] § 2255 may not be used as a substitute for a direct appeal.' " *Id.* at 4 (quoting *Marone v. United States,* 10 F.3d 65, 67 (2d Cir.1993)). This Court also relied on the Second Circuit's determination that "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Id.* at 5 (quoting *Campino v. United States,* 968 F.2d 187, 190 (2d Cir. 1992)). Emphasizing that Gordils did not raise his sentencing claim on direct appeal, this Court concluded that Gordils furnished no explanation whatsoever to justify his nonfeasance. *See id.* Thus, this Court ruled that his sentencing claim was procedurally barred. *See id.*

Moreover, this Court determined that Gordils' claim was not only precluded on procedural grounds but was also improperly raised. *See id.* In support of this conclusion, this Court stated that "it is well settled that 28 U.S.C. § 2255 is not a vehicle for review of every aspect of a criminal case, but instead provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental." *Id.* (citing *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Reilly v. Warden, FCI Petersburg,* 947 F.2d 43, 44 (2d Cir.1991), *cert. denied,* 502 U.S. 1115, 112 S.Ct. 1227, 117 L.Ed.2d 462 (1992)). This Court, further, reasoned that "nonconstitutional errors of law, including sentencing errors, 'do[ ] not provide a basis for collateral attack unless the claimed error constitute[s] a fundamental miscarriage of justice.' " *Id.* (quoting *Addonizio,* 442 U.S. at 185, 99 S.Ct. 2235 (quotation omitted)). Finally, this Court pointed out that, applying "this stringent standard, the Second Circuit has ruled that sentencing errors generally are not cognizable under § 2255." *Id.* (citing *Femia v. United States,* 47 F.3d 519, 525 (2d Cir.1995); *Lucas v. United States,* 963 F.2d 8, 12–13 (2d Cir.), *cert. denied,* 506 U.S. 895, 113 S.Ct.

270, 121 L.Ed.2d 199 (1992)). Therefore, this Court held that Gordils' claim was untenable under a habeas petition.

In an opinion dated October 23, 1996, memorializing this Court's ruling during a hearing of October 21, 1996, this Court resentenced Gordils on his remaining three narcotics convictions to a prison term of 235 months less time served. *See Gordils v. United States,* 943 F.Supp. 346, 356 (S.D.N.Y.1996), *aff'd,* 117 F.3d 99 (2d Cir.), *cert. denied,* — U.S. ——, 118 S.Ct. 430, 139 L.Ed.2d 330 (1997). This Court also reduced the mandatory fine that this Court initially assessed against Gordils from $200 to $150 to reflect this Court's decision to vacate his § 924(c) conviction. *See id.* at 357. On October 29, 1996, Petitioner appealed his resentence, and on July 8, 1997, the Second Circuit affirmed. *See United States v. Gordils,* 117 F.3d 99 (2d Cir.1997).

Immediately after the Second Circuit affirmed this Court's October 23, 1996 opinion, Petitioner filed the present habeas petition on July 24, 1997. In particular, Petitioner alleged three sentencing errors and an ineffective assistance of counsel claim. *See* Petitioner's Mem. of Law in Supp. of Mot. to Vacate Conviction and Sentence. Because this was Petitioner's second or successive habeas petition, on September 16, 1997, the Chief Judge, Honorable Thomas Griesa, dismissed the case and transferred it to the Second Circuit for certification pursuant to 28 U.S.C. § 2244(b)(3)(C). *See* Order of Honorable Thomas Griesa of 9/16/97.

On December 10, 1997 the United States Court of Appeals for the Second Circuit remanded the case to this Court for further consideration of Petitioner's sentencing claims. *See* Order of United States Court of Appeals for the Second Circuit of 12/10/97. The Second Circuit recognized that because Petitioner was successful with his initial habeas petition in having his sentence amended, a second § 2255 challenging the amended component of the

amended judgment is regarded as a "first" § 2255 motion. *See id.* (citing *Galtieri v. United States*, 128 F.3d 33, 37–38 (2d Cir. 1997)). The Second Circuit, however, denied Petitioner's motion with respect to his ineffective assistance of counsel claim. *See id.*

This Court now considers the sentencing claims in Petitioner's § 2255 of July 24, 1997.

## DISCUSSION

This Court will now reiterate the standards that it delineated in the July 16, 1996 order that it issued with regard to Petitioner's prior sentencing claims against his original sentence.

### A. Petitioner's Sentencing Claims

 Petitioner's objections to his resentence are untenable under a § 2255. It is unquestionable that a habeas petition cannot serve as a substitute for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (citations omitted); *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995); *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993); *Marone*, 10 F.3d at 67; *Gordils*, 943 F.Supp. at 355. Thus, Petitioner had a procedural obligation to appeal his resentence directly. Failing to do that, Petitioner can litigate his sentencing claims via a § 2255 only by showing cause for his negligence and prejudice resulting therefrom. *See Pipitone*, 67 F.3d at 38; *Douglas*, 13 F.3d at 46; *Campino*, 968 F.2d at 190; *Gordils*, 943 F.Supp. at 355. Moreover, the Supreme Court has explained that cause for failure to take a direct appeal must be attributable to something external to Petitioner. *See Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Pipitone*, 67 F.3d at 38; *Marone*, 10 F.3d at 67; *Gordils*, 943 F.Supp. at 355. Here, Petitioner never brought a direct appeal of his resentencing, and yet, he offers this Court no justification for his delinquency.

 Additionally, the substance of Petitioner's claims are inappropriate for a habeas petition. The Supreme Court has held that a § 2255 "provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental." *Gordils*, 943 F.Supp. at 355 (citing *Addonizio*, 442 U.S. at 185, 99 S.Ct. 2235). As this Court has stated, "[n]on-constitutional errors of law, including sentencing errors, 'do[ ] not provide a basis for collateral attack unless the claimed error constitute[s] a fundamental miscarriage of justice.' Under this stringent standard, the Second Circuit has ruled that sentencing errors generally are not cognizable on habeas corpus." *Id.* (quoting *Addonizio*, 442 U.S. at 185, 99 S.Ct. 2235). This Court, therefore, finds that Gordils' sentencing claims are procedurally barred, and more significantly, that his assertions are not arguable through a habeas petition.

### B. Certificate of Appealability

 A petitioner may not appeal a denied habeas petition to the Court of Appeals unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A court will issue a certificate "only if the applicant has made a showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see generally United States v. Perez*, 129 F.3d 255, 259–60 (2d Cir.1997)(discussing the standard for issuing a certificate of appealability), *cert. denied*, —— U.S. ——, 119 S.Ct. 384, 142 L.Ed.2d 318 (1998).

This Court finds that Petitioner will not be able to sustain this burden. As indicated above, Gordils has already failed to demonstrate that this Court's alleged sentencing error was a "fundamental miscarriage of justice." *See supra* part A. In this Court's view, reasonable jurists could not disagree with the resolution of Petitioner's motion to vacate, set aside, or correct his sentence. Thus, this Court declines to issue a certificate of appealability. Further, this Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

## *CONCLUSION*

For the reasons discussed above all of Petitioner's claims pursuant to 28 U.S.C. § 2255 are Denied as procedurally and substantively barred. In addition, this Court Denies Petitioner a certificate of appealability.

SO ORDERED.