**Steven BURGESS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 96 Civ. 6949(DNE).**

United States District Court, S.D. New York.

Oct. 14, 1999.

Steven Burgess, Elkton, OH, pro se.

### *OPINION & ORDER*

EDELSTEIN, District Judge.

Petitioner Steven Burgess ("Petitioner" or "Burgess"), *pro se*, brought this present motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (" § 2255 motion" or "habeas petition") on September 13, 1996. Petitioner claims (1) that in determining his sentence, this Court improperly attributed to him some of the narcotics found in the possession of a co-conspirator, and (2) that defense counsel was ineffective for failing to seek a reduction in sentence because of Petitioner's allegedly minor role in the offense. Having reviewed Petitioner's claims and found them to be procedurally and substantively barred and without merit, this Court denies Petitioner's habeas petition. This Court further declines to issue Petitioner a certificate of appealability.

## Background

On March 30, 1999, Burgess was convicted in this Court, following a jury trial, of (1) possession with the intent to distribute "PCP" in violation of 21 U.S.C. § 846, and (2) distribution and possession with intent to distribute "PCP" in violation of 21 U.S.C. § 812, § 841(a)(1), and § 841(b)(1)(A). On July 25, 1990, this Court sentenced Burgess to a term of one hundred fifty-one months of imprisonment followed by a supervised released for a term of five years and a special assessment of one-hundred dollars on the two counts combined. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. On February 5, 1991, the Court of Appeals affirmed his conviction and sentence. *See United States v. Harris*, 930 F.2d 908 (2d Cir.1991).

## Discussion

In his present § 2255 motion, Petitioner alleges that in determining his sentence, this Court improperly attributed to him some of the narcotics found in the possession of a co-conspirator and that defense counsel was ineffective for failing to seek a reduction in sentence because of Petitioner's allegedly minor role in the offense. Because Petitioner failed to object at sentencing and because he failed to raise these claims on direct appeal, the claims are procedurally and substantively barred. In addition, the claims are without merit.

■ Petitioner's claims are procedurally barred by his failure to raise them at the appropriate time. Although he had two earlier opportunities to do so, Petitioner never raised the sentencing objection prior to including it in his present habeas petition. His first opportunity to challenge the sentence was at sentencing. He did not, however, raise this objection at that time. This failure, in itself, constituted a waiver of any right to have the issue resolved by this Court. *See United States v. Agramonte*, 980 F.2d 847, 850 (2d Cir. 1992); *Gordils v. United States*, 943

F.Supp. 346, 355 (S.D.N.Y.1996). Petitioner's second opportunity to raise the sentencing objection was on his appeal to the Second Circuit, at which time he also had the opportunity to raise the ineffective assistance claim. Nevertheless, Petitioner did not raise either claim on direct appeal.

■ It is well settled that habeas corpus is not a substitute for direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir., 1995); *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993); *Marone v. United States*, 10 F.3d 65, 67 (2d Cir.1993); *Gordils*, 943 F.Supp. at 355. Moreover, a "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992). The United States Supreme Court has construed "cause" under this standard to mean "something external to the petitioner ... that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Here, Petitioner never brought either of the present claims on direct appeal, and yet, he offers this Court no justification for his delinquency. *See Gordils*, 943 F.Supp. at 355. Accordingly, this Court finds that these claims are procedurally barred.

■ Furthermore, the substance of Petitioner's sentencing claim is inappropriate for a habeas petition. The Supreme Court has held that a § 2255 motion "provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental." *Gordils*, 943 F.Supp. at 355 (citing *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). As this Court has stated, "[n]on-constitutional errors of law, including sentencing errors, 'do[ ] not provide a basis for collateral attack unless the claimed error constitute[s] a fundamental miscarriage of jus-

tice.' Under this stringent standard, the Second Circuit has ruled that sentencing errors generally are not cognizable on habeas corpus." *Id.* (quoting *Addonizio,* 442 U.S. at 185, 99 S.Ct. 2235). This Court, therefore, finds that Petitioner's sentencing claim is not arguable through a habeas petition.

■ In any event, in determining Petitioner's sentence, this Court properly attributed to him the narcotics found in the possession of his co-defendant. As the Second Circuit has explained, "where a defendant was a member of a narcotics distribution conspiracy, all transactions entered into by him or by his co-conspirator, if they were known to him or reasonably foreseeable by him, may be attributed to him for the purposes of calculating his sentence under the guidelines." *United States v. Miller,* 116 F.3d 641, 684 (2d Cir.1997), *cert. denied,* 118 S.Ct. 2063 (1998) (citations omitted). It is clear from Petitioner's extensive dealings with his co-defendant that Petitioner knew or could reasonably foresee the conduct of his co-defendant and that his co-defendant would possess narcotics as part of the ongoing conspiracy. *See* Presentence Report at ¶¶ 10–20. Therefore, Petitioner's sentence, based in part on the narcotics found in the possession of his co-defendant, was proper.

In addition, Petitioner's ineffective assistance claim, alleging that at sentencing counsel should have argued that Petitioner played a minor role in the crimes charged, is without merit. Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an ineffective assistance of counsel claim may succeed only if this Court determines that (1) an attorney's behavior "fell well below an objective standard of reasonableness" under "prevailing professional norms," *id.* at 688, 104 S.Ct. 2052, and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

■ There is no evidence to suggest that Petitioner played a minor role in the crimes charged. In fact, Petitioner "appears to have had an over-seeing role in this case." *See* Presentence Report at ¶ 19. Therefore, any argument at sentencing suggesting that Petitioner played a minor role would have been unfounded. Thus, Petitioner has failed to demonstrate that counsel's conduct at the sentencing proceeding was unreasonable, or that, absent counsel's alleged errors, the result of the proceeding would have been different in any way.

Finally, this Court declines to issue a certificate of appealability. A petitioner may not appeal a denied habeas petition to the Court of Appeals unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A court will issue a certificate "only if the applicant has made a showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see generally United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).

This Court finds that Petitioner will not be able to sustain this burden. In this Court's view, reasonable jurists could not disagree with the resolution of Petitioner's motion to vacate, set aside, or correct his sentence. Thus, this Court declines to issue a certificate of appealability. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

### *Conclusion*

For the reasons discussed above all of Petitioner's claims pursuant to 28 U.S.C. § 2255 are Denied as procedurally and substantively barred and without merit. In addition, this Court Denies Petitioner a certificate of appealability.