ING Bank N.V. v. M/V Voge Fiesta

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand eighteen.

Present:         BARRINGTON D. PARKER,
                 RICHARD C. WESLEY
                 DEBRA ANN LIVINGSTON,
                                 *Circuit Judges.*
_____

ING Bank, N.V.,

                                 *Plaintiff-Appellant,*

        v.                                              16-4023-cv

M/V VOGE FIESTA,

                                 *Defendant-Appellee.*
_____

Appearing for Appellant:    Bruce G. Paulsen, Brian P. Maloney, Seward & Kissel, LLP, New York, N.Y.

                            James D. Bercaw, Robert J. Stefani, King Krebs & Jurgens, PLLC, New Orleans, LA.

Appearing for Appellee:     James H. Power, Marie E. Larsen, Holland & Knight LLP, New York, N.Y.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED IN PART, AFFIRMED IN PART, AND REMANDED**.

ING Bank, N.V. ("ING") appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*) dismissing its maritime lien against M/V VOGE FIESTA (the "Vessel"), granting *sua sponte* judgment to the Vessel, and reducing the amount of security posted to permit the Vessel's release from arrest. *See ING Bank, N.V. v. M/V TEMARA*, No. 16-cv-95, 2016 WL 6156320 (S.D.N.Y. Oct. 21, 2016) ("Maritime Lien Order"); *ING Bank N.V. v. M/V VOGE FIESTA*, No. 16-cv-2051, 2016 WL 8136300 (S.D.N.Y. Oct. 20, 2016) ("Reduced Security Order"). ING asserts that, as the purported assignee of O.W. Denmark's receivables, it is entitled to assert a maritime lien against the Vessel because O.W. Denmark provided necessaries to the Vessel within the meaning of the Commercial Instruments and Maritime Lien Act ("CIMLA"). *See* 46 U.S.C. § 31342. It also asserts that the District Court erred when it reduced the amount of security the Vessel was required to post and reduced to 3.5% the 6% per annum the interest rate initially imposed in the Southern District of Texas. We agree with the first contention and disagree with the second, and we therefore vacate the entry of summary judgment in the Vessel's favor and affirm the reduction in security. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

**I. ING's Maritime Lien Claim**

A maritime lien is a "special property right in the vessel, arising in favor of the creditor by operation of law as security for a debt or claim," which "arises when the debt arises." *Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv., Ltd.*, 982 F.2d 765, 766 (2d Cir. 1992) (internal

quotation marks and citation omitted). Under CIMLA, a party asserting a maritime lien against a vessel must show that it (1) provided (2) necessaries to a vessel (3) upon the order of the owner of a vessel or a person authorized by the owner. 46 U.S.C. § 31342(a). "Necessaries" include bunkers. *See Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 151 n.13 (2d Cir. 2016). As to the third requirement, CIMLA defines persons presumed to have authority to procure necessaries for a vessel as "(1) the owner; (2) the master; (3) a person entrusted with the management of the vessel at the port of supply; or (4) an officer or agent appointed by—(A) the owner; (B) a charterer; (C) an owner pro hac vice; or (D) an agreed buyer in possession of the vessel." 46 U.S.C. § 31341(a).

Whether ING is entitled to assert a maritime lien depends on whether its purported assignor, O.W. Denmark, is entitled to assert such a lien. The key to this inquiry is whether O.W. Denmark "provided" necessaries under CIMLA when it initially agreed to supply necessaries and subsequently subcontracted with intermediaries to supply them. We held in *ING Bank N.V. v. M/V TEMARA*, 892 F.3d 511 (2d Cir. 2018), that "the answer, guided by straightforward principles of contract law, is yes. . . . a supplier may provide necessaries to a vessel indirectly through a subcontractor because when a subcontractor does so pursuant to its contract with a contractor, the subcontractor's performance is attributable to the contractor." *M/V TEMARA*, 892 F.3d at 519. That is what occurred here. O.W. Denmark agreed to supply bunkers to the Vessel on the order of Primetransport LTD ("Primetransport"), the charterer of the Vessel. O.W. Denmark then subcontracted its obligations to O.W. Bunker Fast East (S) Pte. Ltd. ("O.W. Far East"), which, in turn, subcontracted with local suppliers, Russley Overseas Traders Pte. Ltd. ("Russley"), Cathay Marine Fuel Oil Trading Pte. Ltd. ("Cathay"), and Impex Marine (S) Pte. Ltd. ("Impex"), for the actual delivery of the bunkers. The bunkers were delivered. Accordingly,

3

we hold that O.W. Denmark was a provider of necessaries under CIMLA and is therefore entitled to assert a maritime lien against the Vessel, and that the District Court erred in dismissing ING's maritime lien claim against the Vessel.

**II. *Sua Sponte* Judgment in Favor of the Vessel**

We also conclude that the District Court erred when it, *sua sponte*, granted summary judgment to the Vessel. *See* Maritime Lien Order, 2016 WL 6156320, at *9. Federal Rule of Civil Procedure 56(f) requires "that a court may grant summary judgment *sua sponte* only '[a]fter giving notice and a reasonable time to respond' and 'after identifying for the parties material facts that may not be genuinely in dispute.'" *In re 650 Fifth Ave. and Related Prop.*, 830 F.3d 66, 96 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(f)). "A district court's failure to provide adequate notice is almost always reversible error."*M/V TEMARA*, 892 F.3d at 524.

The District Court's notice-free *sua sponte* grant of summary judgment was improper. It concluded that the record before it did not contain documentation regarding the arrangement between O.W. Denmark and the other entities down the contractual chain. It then concluded that this lack of documentation was fatal to ING's assertion of a maritime lien by failing to establish a "traceable and intact" contractual chain that would ultimately place O.W. Denmark, ING's purported assignor, at financial risk for the bunkers. *See* Maritime Lien Order, 2016 WL 6156320, at *6. The record before the District Court cast doubt on these conclusions. *See M/V TEMARA*, 892 F.3d at 524. Rather than basing its decision to grant summary judgment to the Vessel on a record that may have been incomplete, the District Court should have provided notice and an opportunity for ING to be heard. *See id*. By granting summary judgment, *sua sponte*, the District Court denied ING the procedures to which it was entitled under Rule 56.

**III. Security Reduction**

As to the District Court's order reducing security, there was no abuse of discretion. The District Court reduced the security in this case pursuant to Supplemental Admiralty Rule E(6) of the Federal Rules of Civil Procedure, which provides that "[w]henever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given[.]" Supp. Adm. Rule E(6). ING argues that this reduction was erroneous as a matter of law because Supplemental Admiralty Rule E(5)(a) requires that the interest be set at 6% and fixing it at any other rate was an error of law and an abuse of discretion. But, we held in *Chemoil Adani Pvt. Ltd. v. M/V Maritime King*, No. 16-3944, 2018 WL 3339788 (2d Cir. July 9, 2018) (per curiam), that Rule E(6) broadly permits the District Court, in its discretion, to reduce a security interest rate, including one imposed under Rule E(5)(a). *Chemoil Adani*, 2018 WL 3339788, at *2-3. Accordingly, the District Court did not abuse its discretion in reducing the interest rate from 6% to 3.5%.

We have considered the remainder of ING's arguments and find them to be without merit. Accordingly, the judgment of the District Court is **VACATED IN PART, AFFIRMED IN PART**, and **REMANDED FOR FURTHER PROCEEDINGS**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5