07-2421-cr
*United States v. Carmenate*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: September 8, 2008)                          Decided: September 24, 2008)

Docket No. 07-2421-cr

UNITED STATES OF AMERICA,

     *Appellee,*

     v.

PEDRO CARMENATE,

     *Defendant-Appellant.*

Before: CABRANES, POOLER, and KATZMANN, *Circuit Judges.*

     Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*), convicting defendant Pedro Carmenate, after a bench trial, of one count of bank fraud in violation of 18 U.S.C. § 1344. The record supports a conclusion that defendant's waiver of his constitutional right to a jury trial was knowing, voluntary, and intelligent in light of (1) his presence at a pre-trial conference at which his attorney requested a bench trial, (2) his presence at another pre-trial conference at which the District Court requested a written waiver, (3) defense counsel's letter to the District Court requesting a bench trial, (4) defendant's oral waiver of his right after questioning by the District Court, and (5) defendant's personal knowledge of the criminal justice system.

     Affirmed.

JANE ELIZABETH LEE, Portland, ME, *for defendant-appellant.*

KENNETH ALLEN POLITE, JR., Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Jonathan S. Kolodner, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, *for appellee*.

.

PER CURIAM:

Defendant Pedro Carmenate appeals from a judgment of conviction, following a bench trial, in the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*) on one count of bank fraud, in violation of 18 U.S.C. § 1344. On appeal, defendant argues that the District Court violated defendant's constitutional right to a jury trial in a criminal case because (1) defendant never signed a written jury waiver pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, and (2) his oral waiver of his right to a jury trial was not knowing, voluntary, or intelligent because the District Court did not properly inform him of the scope of the right and the consequences of a waiver. Despite certain technical flaws in the waiver process, the record indicates that defendant's waiver of his right to a jury trial was knowing, voluntary, and intelligent. Consequently, we affirm the District Court's decision to grant a waiver and the judgment of conviction for bank fraud entered following the bench trial. We write to emphasize the importance of building a record of a jury waiver—including an allocution or colloquy on the record as we recommended fifteen years ago in *Marone v. United States*, 10 F.3d 65, 67-68 (2d Cir. 1993).

### BACKGROUND

In February 2004, defendant was convicted following a jury trial of bank fraud in the United States District Court for the District of New Jersey based on an unrelated offense; he began serving a sentence of 20 months' imprisonment on July 12, 2004. Prior to beginning his sentence, defendant

attempted to obtain an $85,000 business loan from HSBC Bank by submitting fraudulent loan documents—specifically, a loan application purportedly signed by defendant's deceased brother, but actually signed by defendant. The fraudulent loan application is the basis for the separate conviction for bank fraud that defendant challenges on this appeal.

At some point prior to his trial concerning the fraudulent loan application, defendant filed a motion to preclude the testimony of an HSBC employee on the ground that she was biased. At a pre-trial conference on August 14, 2006, which was attended by defendant, defense counsel withdrew that motion and conveyed his client's wish for a bench trial. Defense counsel explained that the decision was motivated by trial strategy: "I believe there's some bias by the manager and . . . I wouldn't feel comfortable with [the jury] listening to anything that I believe is biased." Tr. of Aug. 14, 2006 Conference, 4. The District Court responded that a witness's bias could be addressed on cross-examination, but defense counsel persisted. The government consented to a bench trial in a letter dated August 16, 2006. At the final pre-trial conference on November 3, 2006, at which defendant was present, the District Court requested a written waiver of defendant's right to a jury trial.

A one-day bench trial occurred on November 13, 2006. Prior to opening statements, defendant submitted a written waiver of the right to a jury trial signed by defense counsel, not by defendant himself. The following colloquy then occurred between the District Court and defendant:

> THE COURT: . . . I've been handed a letter from Mr. Torres dated November 11. Mr. Carmenate, what it says is that you waive your right to a jury trial. And I know that Mr. Torres advised me of this in open court with you being present, but is that in fact the case, that you don't want to have this case tried in front of a jury?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: You understand it is absolutely your constitutional right to try this case before a

3

jury?

THE DEFENDANT: Yes, your Honor.

THE COURT: You are willing to waive that right and have me try the case?

THE DEFENDANT: Yes, your Honor.

THE COURT: I've so ordered it. The government has consented to the request. So that's done. You can have a seat, Mr. Carmenate.

Trial Tr., at 6. After hearing testimony from the bank manager and defendant at the trial on November 13, the District Court found defendant guilty as reflected in an order entered on November 22, 2006. On May 8, 2007, the District Court sentenced defendant to 41 months' imprisonment, four years' supervised release, $77,909.12 in restitution, and a $100 special assessment. Judgment was entered on May 22, 2007, and this appeal followed.

## DISCUSSION

"[W]hether a defendant has effectively waived his federal constitutional rights in a proceeding" is "ultimately [a] legal question[ ]," *Oyague v. Artuz*, 393 F.3d 99, 104 (2d Cir. 2004), and so we review the District Court's ruling *de novo*. *See also United States v. Khan*, 461 F.3d 477, 491 (4th Cir. 2006) (reviewing challenge to waiver of jury trial *de novo*); *United States v. Farris*, 77 F.3d 391, 396 (11th Cir. 1996) ("The adequacy of a jury trial waiver is a mixed question of fact and law which we review *de novo*."); *Oppel v. Meachum*, 851 F.2d 34, 37 (2d Cir. 1988) (holding that "questions of law and mixed questions of fact and law are subject to plenary federal review").

It is settled that a criminal defendant may waive his constitutional right to trial by jury if the waiver is "knowing, voluntary, and intelligent." *Marone*, 10 F.3d at 67. *See also Patton v. United States*, 281 U.S. 276, 312 (1930) (requiring "express and intelligent consent of the defendant" in order to waive a jury trial). Rule 23(a) of the Federal Rules of Criminal Procedure sets forth three requirements for

4

waiving the right to a jury trial: "(1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). We have previously recommended that a district court go beyond a written waiver and "individually inform each defendant, on the record, of the fundamental attributes of a jury trial before accepting a waiver." *Marone*, 10 F.3d at 67. *See also United States v. Lilly*, 536 F.3d 190, 2008 U.S. App. LEXIS 15992, at *17-18 (3d Cir. July 28, 2008) (noting that the First, Second, Third, Fourth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits have all endorsed "[s]ome form of waiver colloquy" in order to build a record that a defendant's waiver of his right to a jury trial is knowing, voluntary, and intelligent). We have further suggested that, "at a minimum[,] the district courts inform each defendant that a jury is composed of twelve members of the community, that the defendant may participate in the selection of the jurors, that the jury's verdict must be unanimous, and that a judge alone will decide guilt or innocence if the defendant waives the right to a jury trial." *Marone*, 10 F.3d at 68; a*ccord United States v. Martin*, 704 F.2d 267, 274-75 (6th Cir. 1983). Nonetheless, we have observed that "[a] court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial." *Marone*, 10 F.3d at 67. All that the Constitution requires is that a waiver of the right to a jury trial be knowing, voluntary, and intelligent. *See United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008) ("Although we reiterate our view that it is much preferable for a district court to insure itself on the record before accepting the defendant's jury waiver, it is not a constitutional imperative. The constitutional imperative is this, no less and no more: the waiver must be knowing, intelligent, and voluntary."). *See also Lilly*, 536 F.3d __, 2008 U.S. App. LEXIS 15992, at *18-19 ("The District Court is, of course, free to fashion the colloquy in the way it sees fit.").

We are mindful that, as the government notes in its brief, *see* Appellee's Br. at 10, our recommendations in *Marone* were not part of the holding in the case because the defendant in that case

5

was "barred from raising the issue of whether he waived a jury trial." 10 F.3d at 67.[1] Accordingly, we now hold that a district court must evaluate a defendant's waiver of his right to a jury trial under all the circumstances of the case to ensure that it is knowing, voluntary, and intelligent. Although a district court is not constitutionally required to elicit an oral waiver of a defendant's right to a jury trial by conducting a colloquy or allocution on the record, we strongly encourage the district court to give appropriate warnings and question a defendant on the record, especially where, as here, the defendant failed to sign a written waiver pursuant to Rule 23(a)(1) of the Federal Rules of Criminal Procedure.

With these principles in mind, we cannot say that defendant's waiver of his constitutional right to a jury trial was fatally flawed. Defendant was present when, at the pre-trial conference, his attorney first conveyed a request for a bench trial and explained that the decision was based on a strategic calculation that defense counsel's cross-examination of a bank employee would be insufficient to expose her alleged bias. He was again present when, at the final pre-trial conference, the District Court requested a written waiver. Before the start of the bench trial, the District Court, in the presence of defendant, reviewed the letter from defense counsel memorializing his client's request for a bench trial. The Court then questioned defendant on the record to be sure that his wishes were accurately understood. Although the District Court did not follow our previous suggestions to explain the scope and contours of the right to trial by jury and the consequences of a waiver, *see Marone*, 10 F.3d at 68, those recommendations are neither mandatory nor dispositive of a defendant's understanding of the waiver. Defendant's experience with the criminal justice system—having been recently tried before, and convicted by, a jury for similar offenses—is further evidence that he understood the nature of a jury trial and did not require basic instruction on the number of jurors and the requirement of a

---

[1] In *Marone v. United States*, defendant first challenged his waiver of a jury trial in a habeas petition brought under 28 U.S.C. § 2255. 10 F.3d 65, 66 (2d Cir. 1993). We held that defendant was "procedurally barred" from raising the issue under 28 U.S.C. § 2255 because the challenge to his jury waiver should have been raised on direct appeal, which defendant chose to forego. *Id.* at 67.

6

unanimous verdict in order to make a knowing and intelligent waiver.

We further observe that there is no indication in the record that defendant was incapable of clearly and independently expressing his wishes, such that we might conclude that defense counsel did not accurately convey defendant's decision to forego a jury trial. *See, e.g.*, *United States v. Mendez*, 102 F.3d 126, 130 (5th Cir. 1996) (chronicling defendant's inability to speak or understand English, his brief time in the United States, his lack of understanding of the jury system, and the lack of effective communication with his attorney). Nor is there a basis to conclude that the colloquy between the District Court and the defendant should not be taken at face value. On questioning by the Court, defendant clearly and unequivocally acknowledged that he desired to waive his right to a jury trial, that the right was guaranteed to him by the Constitution, and that a judge would decide his culpability rather than a jury. Under these circumstances, defendant's waiver of his right to a jury trial was knowing, voluntary, and intelligent.

Defendant argues that the letter memorializing the waiver, which was submitted at the Court's request, was deficient because defense counsel signed it instead of defendant. Rule 23(a) of the Federal Rules of Criminal Procedure requires that "the defendant" waive his right to a jury trial "in writing." Fed. R. Crim. P. 23(a)(1). Other courts have acknowledged that although the plain language of the rule indicates that the defendant himself should sign the waiver, *see, e.g.*, *United States v. Robertson*, 45 F.3d 1423, 1431 (10th Cir. 1995) (explaining that "[t]he requirement a defendant give her written consent to waive the right to trial by jury is intended to impress her with the significance of the right relinquished and provide evidence of her consent to forego that right"), a signature by defense counsel is not reversible error so long as defendant's waiver was knowing, voluntary, and intelligent. *See id.* (holding that "strict compliance with Rule 23(a) is not justified . . . where the record clearly reflects a defendant's waiver of the right is voluntary, knowing, and intelligent"); *see also United States v. Leja*, 448 F.3d 86, 93

(1st Cir. 2006) (observing that the "correct practice is to secure a written waiver signed personally by the defendant" but holding that a waiver of a jury trial may be "made knowingly, voluntarily, and intelligently despite the absence of a personally signed waiver");[2] *Khan*, 461 F.3d at 492 (holding that waiver was knowing, voluntary, and intelligent even though defense counsel signed written waiver instead of defendants). We agree with the First, Fourth, and Tenth Circuits and hold that, while Rule 23 appears to require a defendant's own signature on a written waiver of the right to a jury trial, the absence of such a signature will not constitute reversible error where, as here, the record otherwise shows that defendant's waiver was knowing, voluntary, and intelligent. In this case, any concern that defendant's counsel, rather than defendant himself, waived the right is greatly eased by the District Court's prompt questioning of the defendant directly upon receiving the written waiver and before endorsing the written waiver as "so ordered."

## CONCLUSION

For all these reasons, we **AFFIRM** the judgment of the District Court.

---

[2] In *United States v. Leja*, the court noted that "the Bench Book for U.S. District Court Judges states that a written waiver of jury trial must be signed by the defendant." 448 F.3d 86, 93 (1st Cir. 2006) (citing Federal Judicial Center, Bench Book for U.S. District Court Judges (4th ed. 1996; with March 2000 edits)). However, the court ruled that the Bench Book "merely provides guidance for district judges and is not legally binding." *Id.* We agree with this analysis.