11-3455-cr
United States v. Sialeu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                            No. 11-3455-cr

JULIENNE SIALEU,

> *Defendant-Appellant*.

———————————————————————————

For Appellee**:**        Michael A. Levy, Justin Anderson, Jennifer G. Rodgers, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:        Julienne Sialeu, *pro se*, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Julienne Sialeu, proceeding *pro se*, appeals from a judgment of conviction dated August 24, 2011, entered following a bench trial and conviction for willfully and knowingly filing false reports of her assets, household composition, and household income in violation of 18 U.S.C. § 1001 and fraudulently obtaining housing subsidies in violation of 18 U.S.C. § 641. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Starting with Sialeu's challenge to the sufficiency of the evidence against her, our review of sufficiency of the evidence claims is "exceedingly deferential." *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). We view the evidence in the light most favorable to the government and affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks omitted). Here, the evidence demonstrated that Sialeu acted knowingly in making false statements on her applications for housing benefits. On appeal, she appears primarily to allege without elaboration that the evidence against her was insufficient because the government's witnesses testified erroneously and that the evidence against her had been falsified. Sialeu has provided no reason to believe that the evidence presented at trial was false; her counsel did not object to the admission of documentary evidence against her; and it is the duty of the finder of fact,

2

not a reviewing court, to determine the weight to be accorded to evidence and the credibility of witnesses. *See United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011). Because Sialeu's challenge to the sufficiency of the evidence is essentially an unsupported attack on the credibility determinations made by the district court, this challenge fails.

Turning next to Sialeu's waiver of her right to a trial by jury, we review the effectiveness of such a waiver *de novo*. *See United States v. Carmenate*, 544 F.3d 105, 107 (2d Cir. 2008). A waiver of the right to trial by jury must be knowing, voluntary, intelligent, made in writing, consented to by the Government, and approved by the trial court. *See id.*; Fed. R. Crim. P. 23(a). The trial court is not constitutionally required to conduct a colloquy, but it must evaluate the waiver under all the circumstances of the case. *See Carmenate*, 544 F.3d at 107-08. Here, Sialeu's counsel expressed concern that a jury might view Sialeu's psychiatric condition unfavorably, and stated that Sialeu was "very comfortable with the idea of a bench trial." The district court reviewed with Sialeu the rights attendant to trial by jury, and Sialeu confirmed that she understood, or at least thought she understood, each one. She affirmatively stated that she did not want a jury trial, and, when asked by the court "who do you want to try your case," she responded that she "want[ed]" and "had faith in" the district court. Although Sialeu had taken her daily dose of antidepressant and antipsychotic medications that day, which could have arguably made it more difficult for her to understand her rights, given the full circumstances in the record, we agree with the district court that Sialeu's waiver was knowing, voluntary, and intelligent.

Next we consider Sialeu's claim that witnesses perjured themselves at her trial, in order to be granted a new trial on the grounds that a witness committed perjury a defendant

3

must show that the witness actually committed perjury, that the perjury was material, that the government knew or should have known of the perjury during trial, and that the perjured testimony remained undisclosed during trial. *See United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009). Here, Sialeu asserts, in only conclusory terms, that the witnesses committed perjury, and she has made no specific allegations of government misconduct. As above, her primary objection appears to be that the district court determined that the government's witnesses were more credible than she was, which is not cognizable upon appellate review. *See O'Connor*, 650 F.3d at 855. Her claim that witness perjury requires a new trial fails.

Finally, we decline to address Sialeu's claims of ineffective assistance of counsel; we prefer such arguments be made in a motion brought under 28 U.S.C. § 2255. *See United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

We have considered all of Sialeu's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4