13-1640-cr
United States v. Poupart

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
             Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

          -v-                      13-1640-cr

RICHARD POUPART,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLEE: | Anastasia E. King, Neeraj N. Patel, and Sandra S. Glover, Assistant United States Attorneys, for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut. |
| FOR DEFENDANT-APPELLANT: | Lawrence D. Gerzog, Esq., New York, New York. |

Appeal from the United States District Court for the District of Connecticut (Arterton, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant Richard Poupart appeals from a judgment entered on February 22, 2013 in the United States District Court for the District of Connecticut following his plea of guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced him principally to 240 months' imprisonment. On appeal, Poupart challenges his conviction on the grounds that his Sixth Amendment rights were violated and his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. The Sixth Amendment Challenge

Poupart first argues that his Sixth Amendment rights were violated because the district court allowed him to file a pro se motion to withdraw his guilty plea without first conducting a proceeding pursuant to Faretta v. California, 422 U.S. 806, 835 (1975). We disagree.

### 1. Applicable Law

We review a trial court's decision to allow a defendant to waive his federal constitutional rights de novo. See United States v. Carmenate, 544 F.3d 105, 107 (2d Cir. 2008). "While the Sixth Amendment guarantees a

right to competent court-appointed counsel in criminal cases," United States v. Culbertson, 670 F.3d 183, 192 (2d Cir. 2012) (internal quotation marks omitted), defense "[c]ounsel certainly is not required to engage in the filing of futile or frivolous motions," United States v. Nersesian, 824 F.2d 1294, 1322 (2d Cir. 1987). In cases where "the court has already replaced counsel more than once . . . it is reasonable for the court to require an intractable defendant either to proceed with the current appointed lawyer, or to proceed pro se." Culbertson, 670 F.3d at 193.

When a defendant elects to represent himself, a defendant "must be given a full and fair opportunity to consider his options before waiving his Sixth Amendment right [to counsel] in a knowing and voluntary manner." Culbertson, 670 F.3d at 193; see also Faretta, 422 U.S. at 835 ("[T]o represent himself, the accused must knowingly and intelligently forgo" the benefits associated with the right to counsel. (internal quotation marks omitted)).

## 2. Application

The district court was not required to conduct an inquiry pursuant to Faretta because Poupart was never without representation. After defense counsel informed the district court that she would be ethically prohibited from complying with Poupart's requests, the district court

allowed Poupart leave to file a motion to withdraw his guilty plea pro se. Poupart's attorney continued to represent him for all other purposes, however, and the district court even appointed an additional lawyer to act as stand-by counsel on the pro se motion.

Indeed, Poupart has not cited any case law for the proposition that when a defendant has representation but files a motion pro se a trial court must conduct a proceeding under Faretta. Rather, we note that it is a common and simple solution for a district court to accept pro se motions from a defendant with representation when his counsel cannot file such motions in good faith. Accordingly, we find no violation of Poupart's Sixth Amendment rights.

## B.   **The Reasonableness Challenge**

Poupart's challenge to the procedural and substantive reasonableness of his sentence also fails.

### 1.   **Applicable Law**

We review a sentence imposed by a district court for procedural and substantive reasonableness. United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc).

A district court procedurally errs when it does not consider the factors outlined in 18 U.S.C. § 3553(a). Id. at 190. Unless the record suggests otherwise, however,

"we presume . . . that a sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007).

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted). Accordingly, we will set aside sentencing decisions only in "exceptional cases," id., as we will not substitute our judgment for that of the district court, Fernandez, 443 F.3d at 27.

## 2. Application

The record does not support Poupart's argument that the district court "merely imposed the maximum guideline sentence." The district court explicitly considered the factors provided in 18 U.S.C. § 3553(a). In so doing, it determined, among other things, that the seriousness of Poupart's offense could "hardly be overstated," and Poupart's conduct was "devastating for the victims." (App. at 225). The district court discussed Poupart's history and characteristics, including the hardships he suffered as a child and his poor health, but concluded that protection of the public and Poupart's lack

-5-

of remorse warranted a "lengthy sentence." (App. at 226-27). Accordingly, we conclude that the district court "discharged [its] duty to consider the statutory factors," Fernandez, 443 F.3d at 30, and find no procedural error.

Nor do we find any merit in Poupart's claim that the sentence was substantively unreasonable. Poupart's guidelines range was 262-327 months of imprisonment, but the statutory maximum penalty for the offense of conviction was 240 months. Here, especially in light of Poupart's history of sexually abusing children, including forcing a 13-year old victim to perform oral sex on him, sexually assaulting two 14-year old victims, and creating some of the child pornography that he possessed, the district court was well within its discretion to impose the statutory maximum penalty. Hence, the sentence was "within the range of permissible decisions," Cavera, 550 F.3d at 189 (internal quotation marks omitted), and we therefore find no substantive error.

We have considered Poupart's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-6-