******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* WILLIAM WILKINS
(AC 37579)

Gruendel, Beach and Borden, Js.

*Argued April 20—officially released September 1, 2015*

(Appeal from Superior Court, judicial district of New Haven, Blue, J.)


*Raymond L. Durelli*, assigned counsel, for the appellant (defendant).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Michael A. Pepper*, senior assistant state's attorney, and *Kevin C. Doyle*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

BORDEN, J. The defendant, William Wilkins, appeals from the judgment of conviction, rendered after a jury trial, of one count of murder in violation of General Statutes § 53a-54a (a), and one count of carrying a pistol without a permit in violation of General Statutes § 29-35, and, rendered after a bench trial, of one count of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a) (1). On appeal, the defendant claims that, regarding his conviction for murder, his waiver of a hearing in probable cause was not knowing and voluntary, because: (1) the trial court's canvass was inadequate to provide a knowing waiver; and (2) multiple conflicts of interest tainted the advice of his defense counsel to waive the hearing. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On April 4, 2010, the victim, Radcliff DeRoche, was driving an all-terrain vehicle down West Division Street toward Dixwell Avenue in New Haven. As the victim neared the corner of Dixwell Avenue, the defendant, who was directly across the street on the corner, shot the victim once in the head and then fired three more shots. Immediately afterward, he and some other individuals ran away down West Division Street. The victim fell off the vehicle and died almost immediately.

The state charged the defendant in an information with murder in violation of § 53a-54a (a), carrying a pistol without a permit in violation of § 29-35, and, in a part B information, with criminal possession of a pistol or revolver in violation of § 53a-217c (a) (1). A jury found the defendant guilty on the first two counts, and the court found him guilty on the part B charge following a bench trial. The trial court, *Blue, J.*, rendered judgment of conviction on all three counts and sentenced the defendant to a total effective sentence of sixty-five years incarceration. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant first claims that his waiver of a hearing in probable cause as to the murder charge was not knowing and voluntary, in violation of his right to a fair trial, because the trial court's canvass did not inform him of numerous constitutional and statutory rights associated with such hearings. We disagree.

The following facts and procedural history are relevant to the resolution of this claim. On September 22, 2010, the court, *Fasano, J.*, canvassed the defendant regarding his right to a probable cause hearing. The court first noted that the defendant was represented by counsel. Defense counsel stated that he had gone

over with the defendant the discovery materials provided by the prosecutor. Defense counsel also stated that he had recommended to his client that he waive the probable cause hearing for strategic reasons, and that his client agreed. The court then canvassed the defendant as follows:

"The Court: All right. Now, you have the right to a hearing in probable cause within sixty days of the charge—following the charge of murder. Counsel indicates that you wish to waive that right. Have you had a chance to discuss it with him?

"[The Defendant]: Yes.

"The Court: Are you satisfied with his advice and counsel?

"[The Defendant]: Yes.

"The Court: Are you waiving that right voluntarily and of your own free will?

"[The Defendant]: Yes.

"The Court: All right. I'll make a finding that the defendant is waiving his right to a hearing in probable cause voluntarily and of his own free will with the assistance of competent counsel. I'll enter a pro forma not guilty plea on the matter."

The defendant concedes that at no time in the trial court did he raise the claim that his waiver of a probable cause hearing was not knowing and voluntary, and that as a consequence, his claim is not preserved for review. This court is not ordinarily bound to review claims not distinctly raised to the trial court. Practice Book § 60-5. The defendant nevertheless seeks to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under *Golding*, a claimant may prevail on an unpreserved constitutional claim, but "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis omitted; footnote omitted.) Id.; see *In re Yasiel R.*, 317 Conn. 773, 781,    A.3d    (2015) (modifying third prong).

We note at the outset that the record is adequate to review the defendant's claim. See *State* v. *Golding*, supra, 213 Conn. 239. Furthermore, because our state constitution specifically grants criminal defendants charged with crimes punishable by death or by life

imprisonment the right to a probable cause hearing, the defendant's claim is of constitutional magnitude. Conn. Const., art. I, § 8;[1] *State* v. *Ouellette*, 271 Conn. 740, 759 n.24, 857 A.2d 907 (2004) (determining that defendant was entitled to review of his constitutional claim under *Golding* because defendant challenged adequacy of canvass preceding his waiver of probable cause hearing, but rejecting claim because defendant failed to establish canvass was inadequate); *State* v. *Mitchell*, 200 Conn. 323, 331, 512 A.2d 140 (1986) (characterizing right to probable cause hearing as "constitutional safeguard").

We therefore address the merits of the defendant's claim to determine whether it satisfies the third prong of *Golding*. See *State* v. *Golding*, supra, 213 Conn. 240. Our review of this legal issue is plenary. See *State* v. *George J.*, 280 Conn. 551, 563, 910 A.2d 931 (2006), cert. denied, 549 U.S. 1326, 127 S. Ct. 1919, 1672 L. Ed. 2d 573 (2007). We conclude that the defendant cannot prevail upon his claim because the trial court's canvass was adequate, and the defendant's waiver of his right to a hearing in probable cause was knowing and voluntary.

Although a defendant charged with murder has a constitutional right to a hearing in probable cause; Conn. Const., art. I, § 8; he may "knowingly and voluntarily waive" that right. General Statutes § 54-46a (a); *State* v. *Ouellette*, supra, 271 Conn. 760–61. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). "[C]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights." (Footnote omitted; internal quotation marks omitted.) Id. "The standard for an effective waiver of such a right is that it must be knowing and intelligent, as well as voluntary." (Internal quotation marks omitted.) *State* v. *Ouellette*, supra, 271 Conn. 752, quoting *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 237, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). "The determination of whether there has been an intelligent waiver of right . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson* v. *Zerbst*, supra, 464.

In the context of the right to a probable cause hearing, the facts and circumstances that our Supreme Court has deemed relevant to the inquiry into whether a defendant's waiver of the right was knowing and voluntary include the content of the trial court's canvass on the right, whether the defendant discussed the waiver with defense counsel, and whether the defendant personally reassured the trial court that he understood what he was waiving. See *State* v. *Ouellette*, supra, 271 Conn. 761. In examining the canvass in *Ouellette*,[2] our Supreme

Court noted only that the trial court informed the defendant that he had a right to a probable cause hearing and that the state would bear the burden at such a hearing to establish probable cause that defendant committed the charged offense. Id. The court did not specifically refer to each item on the list of rights that the trial court recited, nor did the court hold such an exhaustive recital to be an indispensable prerequisite to a knowing and voluntary waiver. Id.; cf. *Iowa* v. *Tovar*, 541 U.S. 77, 88, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004) ("[w]e have not, however, prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel"). In determining that the defendant's waiver was knowing and voluntary, the court expressly referred to only certain parts of the canvass, namely, the trial court's references to the defendant's right and the state's burden. *State* v. *Ouellette*, supra, 761. The court also looked, however, to the defendant's representation by counsel, and the defendant's own affirmation that he understood what he was waiving. Id.

This holistic analysis, whereby a reviewing court measuring the validity of a criminal defendant's waiver of a constitutional right does not single-mindedly scrutinize the trial court's canvass for missing admonitions of procedural components of the right to be waived, but rather examines all the facts in the record that are relevant to the issue of whether a defendant waived the right knowingly and voluntarily, is no jurisprudential orphan. Its closest progenitor is the analysis of whether a criminal defendant has knowingly and voluntarily waived his right to a jury trial.

In *State* v. *Marino*, 190 Conn. 639, 462 A.2d 1021 (1983), which contemplated waiver in precisely that context, our Supreme Court made just such a multivariate, holistic analysis: although the Supreme Court discussed the content of the trial court's canvass, the court also observed that the defendant was represented by competent counsel and that the defendant had indicated that his election was a voluntary one. Id., 645–46. Indeed, our Supreme Court cited with approval the procedure for jury trial waiver prescribed for the federal courts by Rule 23 (a) of the Federal Rules of Criminal Procedure; id., 645; which remains the same as it was when *Marino* was decided. Under Rule 23 (a), all that is required for a defendant to waive his right to a jury trial is that he so indicate in writing and that the government and trial court approve. Fed. R. Crim. P. 23 (a). Rule 23 (a) requires no waiver canvass at all. *United States* v. *Carmenate*, 544 F.3d 105, 108 (2d Cir.), cert. denied, 555 U.S. 1019, 129 S. Ct. 586, 172 L. Ed. 2d 442 (2008). Both our Supreme Court in *Marino* and the Second Circuit Court of Appeals in *Carmenate* noted that such a canvass is preferable, but each declined to hold that a canvass is constitutionally required. *United States* v. *Carmenate*, supra, 108 ("Accordingly, we now

hold that a district court must evaluate a defendant's waiver of his right to a jury trial under all the circumstances of the case to ensure that it is knowing, voluntary, and intelligent. Although a district court is not constitutionally required to elicit an oral waiver of a defendant's right to a jury trial by conducting a colloquy or allocution on the record, we strongly encourage the district court to give appropriate warnings and question a defendant on the record . . . ."); *State* v. *Marino*, supra, 644 ("[a]lthough personal interrogation of the defendant to determine his understanding of the significance of his execution of the waiver form is the better practice, it is not essential under either the rule or the federal constitution").

The comparison between the requirements for waiving the right to a jury trial and those for waiving a probable cause hearing is apt because the latter proceeding is modeled in part after the former and because the two serve similar functions. Like a jury trial, a probable cause hearing is a public, adversarial proceeding, in which the accused has the right to attend and to participate personally or through counsel, to cross-examine adverse witnesses, and to obtain transcripts at his own expense. General Statutes § 54-46a (b) (outlining defendants' procedural rights at probable cause hearing); *Coleman* v. *Alabama*, 399 U.S. 1, 10–11, 90 S. Ct. 1999, 26 L. Ed. 387 (1970) (holding that preliminary hearing is critical stage of prosecution and defendant therefore entitled to counsel threat); *State* v. *Brown*, 279 Conn. 493, 506–507, 903 A.2d 169 (2006) (acknowledging holding of *Coleman*). As at trial, the rules of evidence largely determine whether the state's evidence against the defendant is admissible in a probable cause hearing. General Statutes § 54-46a (b).

Unlike a trial, however, a probable cause hearing results not in a final adjudication of guilt or lack thereof, but rather in a preliminary determination that the state has enough evidence—namely, probable cause—to continue to prosecute the defendant. General Statutes § 54-46a (c). The consequences of a finding of probable cause to prosecute, therefore, although undeniably significant, pale in comparison to those of a guilty verdict. Thus, a defendant loses less when he waives the right to a probable cause hearing than when he waives the right to have a jury hear his case at trial. Mindful of this disparity, we decline to burden the trial courts with a constitutional requirement that probable cause hearing waivers be preceded by a canvass containing an exhaustive list of the procedural rights that such hearings afford—especially if such an exhaustive canvass is not even required in order to waive the right to a jury, as both Connecticut and federal precedents indicate. See *United States* v. *Carmenate*, supra, 544 F.3d 108; *State* v. *Ouellette*, supra, 271 Conn. 758; *State* v. *Marino*, supra, 190 Conn. 644.

We conclude that the defendant's waiver of his right to a probable cause hearing in the present case was knowing and voluntary. The trial court's canvass, although not as extensive as that in *Ouellette*, sufficed to ensure that the defendant waived his right knowingly and voluntarily. The canvass here advised the defendant that he had a right to a probable cause hearing in a manner similar to the one reviewed by our Supreme Court in *Ouellette*. *State* v. *Ouellette*, supra, 271 Conn. 759–60. The trial court here also asked the defendant personally whether he had discussed the waiver with counsel beforehand and whether the defendant was satisfied with his lawyer's advice and counsel, and if his choice was freely made, none of which was discussed in the canvass recounted in *Ouellette*. The defendant answered all these questions affirmatively.

In assessing whether the waiver of a constitutional right was knowing, trial courts are entitled to rely upon such assertions, particularly when the defendant is represented by competent counsel. See *State* v. *Marino*, supra, 190 Conn. 645 ("[i]t is not unreasonable to infer such a waiver from the free expression by a defendant of his election of a non-jury trial especially where he is represented by counsel"). "We cannot assume that in performing his duty of competent representation his counsel did not advise the defendant of the consequences of his choice, even to the extent of the refinements the defendant now demands." *State* v. *Marino*, supra, 646. As noted previously, a defendant loses less when he waives his right to a probable cause hearing than when he waives his right to a jury trial. Because the defendant's affirmation of his representation by competent counsel could suffice to support a finding of waiver of a jury trial even when the trial court's waiver canvass does not exhaustively detail the procedural rights waived, a fortiori it can support a waiver of a probable cause hearing in the same circumstances. Cf. id. Given the court's canvass, the defendant's responses, and the fact that the defendant was represented by competent counsel, we conclude that the defendant's waiver of his right to a probable cause hearing was knowing and voluntary.

The defendant claims, however, that the trial court's canvass was inadequate because it did not specifically apprise him of the all the procedural rights that a probable cause hearing would have afforded him. The defendant argues that the canvass was inadequate because the court did not inform him of constitutional rights associated with probable cause hearings, nor of procedural safeguards prescribed by § 54-46a (b), namely: that at the hearing, the state would bear the burden of proving probable cause and would adduce evidence to support it; that the defendant would not have to adduce any evidence; that the defendant could simply sit by with his lawyer and hear the state's evidence; that the

defendant would have the right to participate in the hearing either personally or through counsel; and that the defendant could make arguments to the court, cross-examine adverse witnesses, and obtain a hearing transcript at his own expense.[3] In so arguing, the defendant relies on *Ouellette* in which the trial court delivered a canvass that apprised the defendant of many of these rights, although not the rights of participation and cross-examination, which § 54-46a (b) does grant. General Statutes § 54-46a (b); *State* v. *Ouellette*, supra, 271 Conn. 759–60.

As we have explained, however, the defendant's reliance on *Ouellette* is misplaced because *Ouellette* held merely that the defendant's waiver of his right to a probable cause hearing was knowing and voluntary. *State* v. *Ouellette*, supra, 271 Conn. 761. Although our Supreme Court cited the trial court's canvass—in particular, its reference to the state's burden to prove probable cause—with approval, the Supreme Court did not hold that an identical canvass is a prerequisite to a valid waiver of the right to a probable cause hearing. Id. The court merely cited the canvass to support its conclusion that the defendant's waiver was knowing and voluntary. Id. Tellingly, in describing the canvass, the Supreme Court did not even refer to all the procedural rights that the trial court listed, let alone the complete litany that § 54-46a (b) prescribes. Id. This truncated analysis undermines the defendant's argument that the trial court must specifically inform the defendant of the omitted rights in order for the canvass to suffice.

Furthermore, even if the canvass by itself were insufficient, the record contains additional facts, apart from the canvass, that suggest that the defendant's waiver of his right to a probable cause hearing was knowing and voluntary. See id. Chief among these facts is the defendant's representation by competent counsel. In evaluating whether a defendant's waiver of a constitutional right was voluntary, our Supreme Court has given considerable weight to the fact that a defendant is represented by counsel. "Finally, [w]e cannot assume that in performing his duty of competent representation [defense] counsel did not advise the defendant of the consequences of his choice, even to the extent of the refinements the defendant now demands." (Internal quotation marks omitted.) *State* v. *Ouellette*, supra, 271 Conn. 758, quoting *State* v. *Marino*, supra, 190 Conn. 646. "In addition, we will not assume that the defendant did not fully discuss the decision to forgo a jury trial with defense counsel." *State* v. *Ouellette*, supra, 758.

In addition, we note that the record reflects that the defendant's decision to waive the probable cause hearing was strategic, made after consultation with his counsel. We are mindful that, even when unexplained on the record, such a decision will usually be strategic and will usually reflect factors such as the defendant's

decision, on the one hand, to waive the opportunity to view some of the state's evidence, and, perhaps, to cross-examine its witnesses, balanced against, on the other hand, giving the state an opportunity to rehearse its witnesses in giving their testimony prior to trial, and permitting the state to preserve the witness' testimony for trial in the event of the subsequent unavailability of the witness. See, e.g., *State* v. *Estrella*, 277 Conn. 458, 474–77, 893 A.2d 348 (2006) (holding that witness' testimony at probable cause hearing was admissible at trial because witness no longer available to testify and because defendant had adequate opportunity to cross-examine him at probable cause hearing).

The defendant argues, in effect, however, that we should not indulge the ordinary presumption that defense counsel fully informed and advised the defendant of the consequences of waiver because the public defender's office, of which defense counsel was a member, had previously represented four of the state's witnesses. As we discuss more fully in part II of this opinion, however, the record is too sparse to allow us even to review that claim, let alone to discern how—or whether—it affected the voluntariness and knowingness of the defendant's waiver of the probable cause hearing. As such, we presume in evaluating that waiver that defense counsel fully discussed the decision to forgo a probable cause hearing with the defendant so as to render his waiver knowing and voluntary. See *State* v. *Ouellette*, supra, 271 Conn. 758.

## II

The defendant next claims that the trial court was constitutionally obliged, and failed, to inquire independently into the knowingness and voluntariness of the defendant's waiver of the probable cause hearing when the trial court learned that the office of the public defender, of which defense counsel was a member, had represented four of the state's witnesses before the defendant waived his right to a probable cause hearing. Specifically, the defendant argues that because either a finding of probable cause or a valid waiver of a probable cause hearing is a jurisdictional prerequisite, the trial court has a continuing obligation to monitor, and if necessary inquire, into its jurisdiction if facts arise that suggest that a defendant's waiver of his probable cause hearing was invalid, even if the trial court previously found that the defendant had validly waived the right. Because the record is inadequate, we decline to review this claim.

We have set forth the law of waiver in part I of this opinion, and therefore begin with the law that governs the right to counsel that is free from conflicts of interest. The sixth amendment to the federal constitution,[4] as incorporated upon the states by the due process clause of the fourteenth amendment,[5] and article first, § 8, of the Connecticut constitution,[6] both guarantee criminal

defendants the right to the effective assistance of counsel in criminal proceedings. *Strickland* v. *Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Powell* v. *Alabama*, 287 U.S. 45, 71, 53 S. Ct. 55, 77 L. Ed. 58 (1932); *State* v. *Gaines*, 257 Conn. 695, 706, 778 A.2d 919 (2001). This right, in turn, comprehends the right to conflict free representation. *Wood* v. *Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L. Ed. 220 (1981); *State* v. *Gaines*, supra, 706.

"A potential conflict of interest may exist when counsel for the defendant represents, or has represented, a witness for the state." *State* v. *Gaines*, supra, 257 Conn. 707; see also *State* v. *Jennings*, 216 Conn. 647, 656, 583 A.2d 915 (1990); *State* v. *Martin*, 201 Conn. 74, 77, 513 A.2d 116 (1986).

The right to counsel attaches at all critical stages of prosecutions. *Iowa* v. *Tovar*, supra, 541 U.S. 87; *Holloway* v. *Arkansas*, 435 U.S. 475, 489, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); *State* v. *Gaines*, supra, 257 Conn. 706–707. A probable cause hearing is a critical stage of a prosecution. *State* v. *Gaines*, supra, 707. A hearing at which the defendant waives a constitutional right, such as that to probable cause hearing, is also a critical stage.[7] See Conn. Const., art. I, § 8 (right to hearing in probable cause); General Statutes § 54-46a (statutory rights and procedures associated with right to probable cause hearing); *State* v. *Mitchell*, supra, 200 Conn. 329–31 (detailing state constitutional right to probable cause hearing); cf. *Iowa* v. *Tovar*, supra, 541 U.S. 81 (guilty plea, which is waiver of constitutional right to plead not guilty, is critical stage of prosecution at which right to counsel attaches).

"Moreover, one of the principal safeguards of this right is the rule announced by [our Supreme Court] that [a trial] court must explore the possibility of a conflict . . . when it knows or reasonably should know of a conflict . . . . Because this right to conflict free representation applies to all critical stages of a criminal proceeding, the duty of a court to safeguard this right applies equally to all such stages . . . [including] a hearing in probable cause." (Citations omitted; internal quotation marks omitted.) *State* v. *Gaines*, supra, 257 Conn. 707.

When a trial court so inquires, however, "[it] has broad discretionary power to determine whether an attorney should be disqualified for an alleged . . . conflict of interest. . . . Moreover, [i]n determining whether the Superior Court has abused its discretion in denying a motion to disqualify, [a reviewing] court must accord every reasonable presumption in favor of its decision. . . . The ultimate issue is whether the trial court could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *State* v. *Jennings*, supra, 216 Conn. 654–55.

"In the absence of an affirmative duty by the trial court to inquire, however, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his [or her] lawyer's performance in order to obtain reversal of his [or her] conviction. . . . Before the trial court is charged with a duty to inquire, the evidence of a specific conflict must be sufficient to alert a reasonable trial judge that the defendant's sixth amendment right to effective assistance of counsel is in jeopardy." (Citation omitted; internal quotation marks omitted.) *State* v. *Gaines*, supra, 257 Conn. 708. In order to fulfill this requirement, therefore, the defendant must provide a reviewing court with a record that, at a bare minimum, "demonstrate[s] that an actual conflict of interest adversely affected his [or her] lawyer's performance . . . ." (Internal quotation marks omitted.) Id.

To synthesize the foregoing: a criminal defendant has a right to conflict free representation at all critical stages of the prosecution, including the probable cause hearing. *Wood* v. *Georgia*, supra, 450 U.S. 271; *State* v. *Gaines*, supra, 257 Conn. 706. Such a conflict may exist when the defendant's counsel has represented a state witness. *State* v. *Gaines*, supra, 707; *State* v. *Jennings*, supra, 216 Conn. 654–56; *State* v. *Martin*, supra, 201 Conn. 77. A trial court's duty to safeguard this right includes a duty of inquiry that arises when the trial court knows or should know that a conflict exists. *State* v. *Gaines*, supra, 707. Absent such a duty, a defendant who failed to object at trial must demonstrate that "an actual conflict of interest adversely affected his [or her] lawyer's performance in order to obtain reversal of his [or her] conviction." (Internal quotation marks omitted.) Id., 708.

The following additional facts and procedural history are relevant to this claim. On April 27, 2012—three days before the defendant's trial was to begin—the public defender who had been representing the defendant and who had represented him when he waived his right to a probable cause hearing, and his supervisor came before the trial court with the defendant in order to alert the court to several conflicts of interest. The supervisor disclosed that the public defender's office had received the state's discovery materials early on, but admitted that neither he nor defense counsel had reviewed them until recently because of their heavy caseload. The court noted that the public defender's office had represented four eyewitnesses, and possibly two others. The defendant refused to waive any of these conflicts when the trial court asked him. The court therefore granted the defendant an appointment of a special public defender.

Because, as the defendant concedes, he did not distinctly raise this claim at trial, the claim is also not preserved. He accordingly seeks to prevail under *State*

v. *Golding*, supra, 213 Conn. 239–40, the standard for which we set forth previously. See part I of this opinion.

We conclude that the defendant has not met the first prong of *Golding* because he has not supplied us with a record adequate to review his claim. See *State* v. *Golding*, supra, 213 Conn. 239. In this case, because the defendant did not object at trial to his counsel's alleged conflict of interest, the defendant bears the burden of proving that the conflict "adversely affected his . . . lawyer's performance in order to obtain reversal of his . . . conviction." (Internal quotation marks omitted.) *State* v. *Gaines*, supra, 257 Conn. 707. Although there is a transcript of the hearing at which the defendant was alerted to, and chose not to waive, his conflicted counsel, the remainder of the record does not disclose any point before this hearing at which defense counsel was even aware of—let alone influenced by—the conflicts of interest that came to light in April, 2012. The defendant therefore has not provided us with any evidence that "an actual conflict of interest adversely affected his lawyer's performance . . . ." (Internal quotation marks omitted.) Id., 712.

Indeed, the only relevant record available—the transcript of the hearing itself—suggests that the only reason that the conflicts had persisted was that they had gone undetected by the public defender's office. If true, this excuse undermines the defendant's claim that conflicted counsel vitiated his waiver; defense counsel's advice and counsel could hardly have stemmed from divided loyalties if he mistakenly thought them undivided. We will not, however, rule on the matter when "the record is silent as to whether, or how, [defense counsel's] performance at the probable cause hearing adversely was affected by the alleged conflict." Id. Because the record is inadequate for review, the defendant's claim fails under the first prong of *Golding*. Accordingly, we decline to review his claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Article first, § 8, of the Connecticut constitution provides in relevant part: "No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law . . . ."

[2] The canvass recounted in *Ouellette* was as follows:

"[State's Attorney]: The next issue . . . would be normally a probable cause hearing. It's my understanding from talking to [defense counsel] that he and his client have decided, after discussing this matter, that they wish to waive [the] probable cause hearing.

"[Defense Counsel]: That's accurate.

"The Court: All right. Mr. Ouellette, do you understand what was just said?

"The Defendant: Yes.

"The Court: You have a right to a probable cause hearing, and the burden in connection with that hearing is upon the state, or it would have been. The state has the burden of proving that there was probable cause, based on the underlying facts, to arrest you and charge you with the offense with which you stand charged, and the state would put on evidence to support that claim. You would not have to put on any evidence of your own. You have the right to simply sit by with your counsel and listen to what is presented by the state. . . . It's my understanding, based on what was just

represented by [defense counsel] and confirmed, I guess, by the state's attorney, that you don't wish to contest or to require the probable cause hearing to go forward?

"The Defendant: No.

"The Court: All right. So that you're waiving that right which you have?

"The Defendant: Yes.

"The Court: And that there's no question that you're doing it understandingly and knowingly of your rights as I've explained them to you?

"The Defendant: Yes." (Internal quotation marks omitted.) *State* v. *Ouellette*, supra, 271 Conn. 759–60.

[3] General Statutes § 54-46a (b) provides: "Unless waived by the accused person or extended by the court for good cause shown, such preliminary hearing shall be conducted within sixty days of the filing of the complaint or information in Superior Court. The court shall be confined to the rules of evidence, except that written reports of expert witnesses shall be admissible in evidence and matters involving chain of custody shall be exempt from such rules. No motion to suppress or for discovery shall be allowed in connection with such hearing. The accused person shall have the right to counsel and may attend and, either individually or by counsel, participate in such hearing, present argument to the court, cross-examine witnesses against him and obtain a transcript of the proceedings at his own expense. At the close of the prosecution's case, if the court finds that, based on the evidence presented by the prosecution, probable cause exists, the accused person may make a specific offer of proof, including the names of witnesses who would testify or produce the evidence offered. The court shall not allow the accused person to present such evidence unless the court determines that such evidence would be sufficient to rebut the finding of probable cause."

[4] The sixth amendment to the United States Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

[5] The fourteenth amendment to the United States Constitution provides in relevant part: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ."

[6] Article first, § 8, of the Connecticut Constitution provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ."

[7] Although *State* v. *Sober*, 166 Conn. 81, 86, 347 A.2d 61 (1974), holds to the contrary and has not explicitly been overruled, it both predates and explicitly relies upon the *absence*, at the time, of the now existing state constitutional right to a probable cause hearing in certain cases. Given our Supreme Court's pronouncement in *State* v. *Mitchell*, supra, 200 Conn. 329–30, that there is a constitutional right to a probable cause hearing, we decline to follow *Sober*.